IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| CHARLES LUSK #606795 | § | |
| v. | § | CIVIL ACTION NO. 5:03cv40 |
| JUDITH McKAY | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND DENYING MOTION FOR SUMMARY JUDGMENT

The Plaintiff Charles Lusk, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights.  This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Lusk complains of a strip search carried out by a female officer, Judith McKay, on June 22, 2002.  On October 1, 2004, McKay filed a motion for summary judgment, arguing that: (1) Lusk cannot recover damages against her in her official capacity; (2) she is entitled to qualified immunity in that her actions did not violate a clearly established right of the Plaintiff Charles Lusk and were objectively reasonable; (3) inmates do not have a constitutional right to be free from strip searches by female officers; and (4) no body cavity search took place, and so Lusk cannot recover on his claim regarding such a search.

McKay attached two affidavits to her motion for summary judgment.  Her own affidavit does not indicate whether or not the incident actually took place, but says instead that if she ever did strip-search Lusk, it was because no male officer was available, and that under those circumstances, she is authorized to conduct strip searches.  She says that she has never treated Lusk

differently than any other inmates with regard to the strip search policy, and that the searches which she does or orders are done at random, or as guidelines allow, unless there is good reason to conduct one.

The second affidavit attached to McKay's motion is that of Assistant Warden Joseph Wilson. Warden Wilson states that officers conduct strip searches of inmates at various times and for a variety of reasons, and that prison policy allows female officers to conduct strip searches on male inmates if male officers are not available.

Lusk filed a response to the Defendant's motion for summary judgment, arguing that disputed issues of material fact exist, precluding summary judgment. Specifically, Lusk insists that he was strip-searched and ordered to submit to a body cavity search by McKay, and that he received a disciplinary case as a result of the incident. He states that there was a male officer, Robbins, present who could have conducted the search, and that this officer gave a witness statement at the disciplinary hearing. He says that he was in minimum custody and that turn-out for minimum custody recreation is not an "extraordinary circumstance" justifying the strip search under prison policy.

Lusk attached a copy of his disciplinary case, written by McKay, which charged him with refusing to do a complete strip search. The Magistrate Judge ordered and received a copy of the disciplinary hearing, at which McKay testified that she did not order Lusk to strip entirely, but merely down to his boxers, and that Lusk removed all of his clothes on his own.[1]

On April 12, 2005, the Magistrate Judge issued a Report recommending that McKay's motion for summary judgment be denied. The Magistrate Judge first acknowledged that to the extent that Lusk complained about violations of prison policy and procedure, his claim is not viable because a violation of prison rules alone is not sufficient to rise to the standards of a constitutional claim. Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996); Hernandez v. Estelle, 788 F.2d 1154, 1158

---

[1] McKay's motion for summary judgment did not mention either the disciplinary case or her testimony at this case.

(5th Cir. 1986). However, the Magistrate Judge went on to address the constitutional issues raised in Lusk's lawsuit.

In so doing, the Magistrate Judge observed that McKay's contention that male prisoners do not have a constitutional right to be free from strip searches by female officers is simply not correct. The Fifth Circuit has held that claims of strip searches of male inmates by female officers, in the absence of an emergency or extraordinary circumstances, when male officers were available to conduct the search, state a potentially valid claim under the Fourth Amendment. Moore v. Carwell, 168 F.3d 234, 237 (5th Cir. 1999); Oliver v. Scott, 276 F.3d 736, 745-46 (5th Cir. 2002) (recognizing that prisoners have a right, albeit minimal, in bodily privacy which must be balanced against the State's interest).

Instead, the Magistrate Judge stated, the Fifth Circuit has held that strip searches carried out in non-secluded areas of the prison, in the presence of female officers, do not violate the Constitution. *See, e.g.*, Tasby v. Lynaugh, slip op. no. 04-40043 (5th Cir., Feb. 18, 2005) (unpublished). However, the Magistrate Judge said, Lusk's case involves more than merely a strip search carried out in the presence of female officers. Rather, it involves a strip search conducted by a female officer (not merely one conducted in her presence) with a male officer available to conduct the search, in the absence of exigent circumstances. Thus, the Magistrate Judge concluded that these facts set out a potential Fourth Amendment claim.

The Magistrate Judge stated that McKay's affidavit did not deny any of the facts expressed by Lusk, but merely alleged that "if" she ever strip-searched Lusk, it was because no male officer was available, and that under those circumstances, she is authorized to conduct strip searches. As noted above, McKay's affidavit does not discuss the incident involving Lusk or even acknowledge that it occurred, despite her testimony at the disciplinary hearing. Consequently, the Magistrate Judge concluded that McKay's affidavit has "little probative value."

In addition, the Magistrate Judge said, Warden Wilson's affidavit states that prison policy allows female officers to conduct strip searches on male inmates if male officers are not

available, and that searches are "particularly required" during recreation, when inmates are mingling. However, as the Magistrate Judge noted, Warden Wilson's affidavit does not address the specific facts of this case, particularly Lusk's assertion that the search was carried out in the presence of a male officer, Robbins.

Consequently, the Magistrate Judge stated that the question of whether or not a male officer was present is an issue of material fact which itself precludes the granting of summary judgment. In addition, Officer McKay has failed to show that she is entitled to judgment as a matter of law based on undisputed facts before the Court. *See* Securities and Exchange Commission v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1994) (in a summary judgment proceeding, the moving party must show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law).

Finally, the Magistrate Judge stated that McKay has not shown that she is entitled to qualified immunity. The law was clearly established as of June of 2002, and a reasonable officer would have known, that strip searches of male prisoners by female officers, in non-exigent or emergency circumstances, when a male officer was present who could have conducted the search, would violate the inmate's constitutional rights. This fact had been established by controlling Fifth Circuit precedent. Moore v. Carwell, 168 F.3d at 237. The Magistrate Judge therefore recommended that Officer McKay's motion for summary judgment be denied.

Copies of this Report were sent to the parties, but no objections have been received; accordingly, the parties are barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc)*.

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge and has determined that this Report is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the Defendant's motion for summary judgment, filed October 1, 2004, is hereby DENIED.

**SIGNED this 25th day of May, 2005.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE